## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 04 2015, 9:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Adam G. Forrest
Boston Bever Klinge Cross & Chidester
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tony E. Rice, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 4, 2015 <br><br> Court of Appeals Cause No. <br> 89A05-1412-CR-556 <br><br> Appeal from the Wayne Superior Court <br> Cause No. 89D01-1110-FC-80 <br><br> The Honorable Charles K. Todd, Jr., Judge |

**Barnes, Judge.**

# Case Summary

Tony Rice appeals his twelve-year sentence for two counts of Class C felony child molesting. We affirm.

# Issue

Rice raises one issue, which we restate as whether his sentence is inappropriate.

# Facts

V.M. was born in 1999. In 2009, V.M. was living in Richmond with her mother and Rice, who was her mother's live-in boyfriend. She also lived with her brother and the child that V.M.'s mother and Rice had together. In 2009, Rice began molesting V.M. by touching her vagina and breasts and masturbating. She testified that the molestation occurred at least fifty times. The molestation continued until 2011.

On October 6, 2011, the State charged Rice with two counts of Class C felony child molesting. A jury found Rice guilty as charged. In sentencing Rice to consecutive six-year sentences for a total sentence of twelve years, the trial court found as aggravating Rice's criminal history, which included two felony convictions for child molesting and thirteen misdemeanor convictions, Rice's position of trust with V.M. as her mother's live-in boyfriend, and the fact that the crimes were part of a series of molestations. As mitigating, the trial court considered Rice's health-related issues. Rice now appeals.

## Analysis

Rice argues that his twelve-year sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Appellate Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

The principal role of Appellate Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224.

[7]   Rice contends that the nature of the offenses warrants the revision of his sentence because he did not use force on V.M. or injure her and did not penetrate her or require her to touch him. We are not persuaded. Rice, V.M.'s mother's live-in boyfriend and the father of V.M.'s younger sister, repeatedly molested V.M. over a period of years in her own home. Further, there was evidence that Rice burned V.M. with a cigarette during the molestation and threatened to kill V.M. and her family after she initially reported the molestation to her mother. The fact that the offenses could have been worse does not render the sentence inappropriate.

[8]   As for Rice's character, his criminal history is extensive and includes two prior Class C felony child molestation convictions and numerous misdemeanor convictions. Despite repeated contact with the criminal justice system beginning in 1977, Rice is unwilling or unable to conduct himself in accordance with the law. Rice also claims to be concerned about the well-being of his young daughter, V.M.'s half-sister; however, we are not convinced that his sentence should be reduced given the nature of these convictions and his father-like relationship with V.M. Finally, although we view Rice's military service positively, it does not render his twelve-year sentence inappropriate.

## Analysis

[9]   Rice has not established that his twelve-year sentence is inappropriate. We affirm.

[10]  Affirmed.

Riley, J., and Bailey, J., concur.